## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SVEINN VALFELLS**<br>41A Primrose Gardens<br>London NW3 4UL<br>United Kingdom,<br><br>    and<br><br>**THOMAS E. MOORE III**<br>288 Hamilton Avenue, Third Floor<br>Palo Alto, CA 94301<br><br>    Plaintiffs,<br><br>    v.<br><br>**CENTRAL INTELLIGENCE AGENCY**<br>Washington, DC 20505,<br><br>**DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, N.W.<br>Washington DC 20530,<br><br>    and<br><br>**DEPARTMENT OF STATE**<br>2201 C Street, N.W.<br>Washington, DC  20520<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C. A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §
552. Plaintiffs seek injunctive and other appropriate relief for the processing and release
of agency records requested by plaintiffs from defendants Central Intelligence Agency,
Department of Justice and Department of State.  As set forth below, defendants have

wrongfully withheld the requested records and plaintiffs have exhausted the applicable administrative remedies.

### Jurisdiction and Venue

2.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

3.  Plaintiff Sveinn Valfells is a citizen of Iceland and a resident of the United Kingdom.

4.  Plaintiff Thomas E. Moore III is a citizen of the United States and a resident of California.

5.  Defendant Central Intelligence Agency ("CIA") is component of the Executive Branch of the United States Government.  CIA is an "agency" within the meaning of 5 U.S.C. § 552(f).

6.  Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government.  DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).  The Federal Bureau of Investigation ("FBI") is a component of defendant DOJ.

7.  Defendant Department of State ("State") is a Department of the Executive Branch of the United States Government.  State is an "agency" within the meaning of 5 U.S.C. § 552(f).

## Plaintiffs' FOIA Request to Defendant CIA

8.  By letter to defendant CIA dated November 19, 2007, plaintiff Moore, as

counsel for plaintiff Valfells, requested under the FOIA agency records concerning

plaintiff Valfells' deceased grandfather.  Specifically, plaintiffs requested the following

records:

> [A]ll information or records relevant to a citizen of Iceland, Sveinn B.
> Valfells, for the period from 1941 to 1975, including but not limited to any
> records relating to a visa application for entry into the U.S. in the late
> 1950s.  The type of record would also include any papers[,] records or
> information kept by Lorrimer Moe (U.S. Cultural Attache in Iceland in
> 1953) or other members of the U.S. diplomatic corps in Iceland which
> relate to Sveinn B. Valfells.

Accompanying the FOIA request was a death certificate showing that plaintiff Valfells'

grandfather died on February 5, 1981.

9.  By letter to plaintiff Moore dated December 17, 2007, defendant CIA issued

its "final response" to plaintiffs' FOIA request.  Defendant CIA asserted that it "can

neither confirm nor deny the existence or non-existence of records responsive to th[e]

part of [plaintiffs'] request" regarding "information relevant to Sveinn B. Valfells."

Defendant CIA advised plaintiff Moore that "the Agency has denied this part of your

request" and informed plaintiff Moore of plaintiffs' right to appeal such denial.

10.  By letter to defendant CIA dated January 29, 2009, plaintiff Moore appealed

the agency's denial of plaintiffs' FOIA request set forth in defendant CIA's letter dated

December 17, 2007.

11.  By letter to plaintiff Moore dated February 7, 2008, defendant CIA

acknowledged its receipt of plaintiff Moore's letter appealing the agency's denial of

plaintiffs' FOIA request.

12.  By letter to plaintiff Moore dated March 21, 2008, defendant CIA advised plaintiff Moore that the agency "has denied [plaintiffs'] appeal."  Defendant CIA informed plaintiff Moore that "[i]n accordance with the provisions of the Freedom of Information Act, you have the right to seek judicial review of this determination in a United States district court."

13.  Plaintiffs have exhausted the applicable administrative remedies.

14.  Defendant CIA has wrongfully withheld the requested records from plaintiffs.

**Plaintiffs' FOIA Request to Defendant DOJ's Component the FBI**

15.  By letter to defendant DOJ's component the FBI dated November 19, 2007, plaintiff Moore, as counsel for plaintiff Valfells, requested under the FOIA agency records concerning plaintiff Valfells' deceased grandfather.  Specifically, plaintiffs requested the following records:

> [A]ll information or records relevant to a citizen of Iceland, Sveinn B. Valfells, for the period from 1941 to 1975, including but not limited to any records relating to a visa application for entry into the U.S. in the late 1950s.  The type of record would also include any papers[,] records or information kept by Lorrimer Moe (U.S. Cultural Attache in Iceland in 1953) or other members of the U.S. diplomatic corps in Iceland which relate to Sveinn B. Valfells.

Accompanying the FOIA request was a death certificate showing that plaintiff Valfells' grandfather died on February 5, 1981.

16.  By letter to plaintiff Moore dated December 11, 2007, the FBI acknowledged its receipt of plaintiffs' FOIA request.

17.  By letter to the FBI dated February 8, 2008, plaintiff Moore inquired as to the status of plaintiffs' FOIA request, noting that nine weeks had passed since plaintiffs had received any correspondence from the agency.

18. By letter to plaintiff Moore dated March 6, 2008, the FBI advised plaintiff Moore that plaintiffs' FOIA request "is being reviewed by an analyst."

19. By letter to plaintiff Moore dated May 9, 2008, the FBI responded to plaintiffs' FOIA request. The FBI released 55 pages of material responsive to plaintiffs' request, withheld 14 pages of responsive material and informed plaintiff Moore of plaintiffs' right to appeal to defendant DOJ the FBI's decision to withhold responsive material.

20. By letter to defendant DOJ dated July 11, 2008, plaintiff Moore appealed the FBI's partial denial of plaintiffs' FOIA request set forth in the FBI's letter dated May 9, 2008.

21. By letter to plaintiff Moore dated July 24, 2008, defendant DOJ acknowledged its receipt of plaintiff Moore's letter appealing the FBI's partial denial of plaintiffs' FOIA request.

22. By letter to plaintiff Moore dated August 15, 2008, defendant DOJ advised plaintiff Moore that DOJ was "affirming . . . the FBI's action on [plaintiffs'] request." Defendant DOJ informed plaintiff Moore that "[i]f you are dissatisfied with [this] action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B)."

23. Plaintiffs have exhausted the applicable administrative remedies.

24. Defendant DOJ has wrongfully withheld the requested records from plaintiffs.

## Plaintiffs' FOIA Request to Defendant State

25. By letter to defendant State dated November 19, 2007, plaintiff Moore, as counsel for plaintiff Valfells, requested under the FOIA agency records concerning

plaintiff Valfells' deceased grandfather.  Specifically, plaintiffs requested the following

records:

> [A]ll information or records relevant to a citizen of Iceland, Sveinn B.
> Valfells, for the period from 1941 to 1975, including but not limited to any
> records relating to a visa application for entry into the U.S. in the late
> 1950s.  The type of record would also include any papers[,] records or
> information kept by Lorrimer Moe (U.S. Cultural Attache in Iceland in
> 1953) or other members of the U.S. diplomatic corps in Iceland which
> relate to Sveinn B. Valfells.

Accompanying the FOIA request was a death certificate showing that plaintiff Valfells

grandfather died on February 5, 1981.

26.  By letter to plaintiff Moore dated January 7, 2008, defendant State asserted

that "[t]he State Department ordinarily transfers permanent records to the National

Archives and Records Administration ["NARA"] when they are 25 or more years old,"

and that such material should be requested from NARA.  Defendant State advised

plaintiff Moore that plaintiffs' request "has been closed in our system."

27.  By letter to defendant State dated February 15, 2008, plaintiff Moore stated,

in pertinent part:

> I received your January 7, 2008 letter advising us to seek the . . . requested
> records from the NARA.  On January 19, 2008, I wrote to the NARA
> requesting all records relating to a visa application for Sveinn B. Valfells
> in the late 1950s.  However, in the response letter from the NARA it states
> that it **"(does) not hold any visa files for the period mentioned.  Any
> such records are either with the State Department or destroyed by
> Department personnel."**  Thus, if the visa records I have requested still
> exist, they would be with the Department of State.  I am requesting that
> you please conduct a more thorough search of the requested documents.
> (emphasis in original)

28.  By letter to plaintiff Moore dated March 17, 2008, defendant State asserted,

in pertinent part:

> Although the State Department generally transfers permanent records to the National Archives and Records Administration when they are 25 or more years old, the Department does maintain visa records going back to 1940. Therefore, based upon the information provided in your communications, we will begin the processing of your request for records relating to a visa application for entry into the United States during the late 1950s. We will notify you as soon as responsive material has been retrieved and reviewed.

Defendant State further asserted that "[n]on-visa records mentioning Mr. Valfells are no longer in the possession of the State Department" and that "requests for such records should be addressed to" NARA.

29. By letter to defendant State dated July 24, 2008, plaintiff Moore informed the agency that a private researcher retained by plaintiffs had located nine pages of archived State Department files relating to Sveinn B. Valfells at the National Archives, but that records obtained from the FBI indicated that "those nine pages are not all of the State Department documents that once existed." Plaintiff Moore listed specific records identified in FBI documents and further stated that "[b]ecause these records are not available at the National Archives, I presume they remain at the State Department. If they remain at the State Department, please provide them to me."

30. By letter to plaintiff Moore dated November 18, 2008, defendant State asserted that it possesses "no records" responsive to plaintiffs' FOIA request. Defendant State advised plaintiff Moore of plaintiffs' right to appeal the agency's determination.

31. By letter to defendant State dated January 30, 2009, plaintiff Moore appealed the agency's determination that it possesses no records responsive to plaintiffs' FOIA request.

32. By letter to plaintiff Moore dated February 24, 2009, defendant State acknowledged receipt of plaintiffs' appeal of the agency's "no records" determination.

33.   To date, defendant State has not responded to plaintiffs' appeal of the agency's "no records" determination.  However, inexplicably, defendant State sent plaintiff Moore a letter dated April 8, 2009, in which the agency again asserted that it possesses no records responsive to plaintiffs' FOIA request, and again informed plaintiffs of their right to appeal that determination.

34.   Plaintiffs have exhausted the applicable administrative remedies.

35.   Defendant State has wrongfully withheld the requested records from plaintiffs.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for
### Wrongful Withholding of Agency Records

36.   Plaintiffs repeat and reallege paragraphs 1-35.

37.   Defendants CIA and DOJ  have wrongfully withheld agency records requested by plaintiffs by rendering final, adverse determinations on plaintiffs' FOIA requests.

38.   Defendant State has wrongfully withheld agency records requested by plaintiffs by failing to comply with the statutory time limits for the processing of requests and administrative appeals submitted under the FOIA.

39.   Plaintiffs have exhausted the applicable administrative remedies with respect to defendants' wrongful withholding of the requested records.

40.   Plaintiffs are entitled to injunctive relief with respect to the release and disclosure of the requested records.

## Requested Relief

WHEREFORE, plaintiffs pray that this Court:

    A.  order defendants to process immediately the requested records in their

entirety;

    B.  order defendants upon completion of such processing, to disclose the

requested records in their entirety and make copies available to plaintiffs;

    C.  provide for expeditious proceedings in this action;

    D.  award plaintiffs their costs and reasonable attorneys fees incurred in

this action; and

    E.  grant such other relief as the Court may deem just and proper.


Respectfully submitted,


DAVID L. SOBEL
D.C. Bar No. 360418
1875 Connecticut Avenue, N.W., Suite 650
Washington, DC 20009
(202) 797-9009

THOMAS E. MOORE III
The Moore Law Group
228 Hamilton Avenue, Third Floor
Palo Alto, CA 94301
(650) 798-5352

Counsel for Plaintiffs